**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| FRANCES POWELL, DAKOTA BOYD | ) |
| Plaintiffs, | ) Case No.: 2:24-cv-2026 |
| | ) |
| v. | ) |
| | ) |
| CITY OF NEWTON, a municipal | ) |
| Corporation, CITY OF NEWTON POLICE | ) |
| OFFICERS ADAM DECKARD, TREVOR | ) |
| HONOMICHL, GARRET FINN, and DUSTIN | ) |
| LEVIT, and GREGORY COKER, in their | ) |
| individual capacities, | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

<u>**ORIGINAL COMPLAINT**</u>

NOW COMES Plaintiffs, FRANCES POWELL and DAKOTA BOYD by and through their attorney, Danielle A. Pinkston, of PINKSTON LAW GROUP, P.C., complaining of Defendants, CITY OF NEWTON, a municipal corporation, CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER, in their individual capacities, stating as follows:

**INTRODUCTION**

1. This cause of action is to redress the deprivation of Plaintiffs' constitution rights that resulted in personal injuries, to request damages, and prospective injunctive under 42 U.S.C.A. § 1983.

**JURISDICTION & VENUE**

2. This court has jurisdiction to adjudicate Plaintiffs' claims pursuant to 28 U.S.C.A. §§ 1331, 1343(1)(2)(3)(4), 1367, and 42 U.S.C. § 1983.

3. The acts or omissions giving rise to the Plaintiffs' claims occurred in the County of Jasper and State of Illinois thus, pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper

1

in the Southern District of Illinois or any federal district.

## THE PARTIES

4.  During all relevant times in this Complaint, Plaintiff, FRANCES POWELL, was and is a United States' citizen, who resides in Jasper County, Illinois.

5.  During all relevant times in this Complaint, Plaintiff, DAKOTA BOYD, was and is a United States' citizen, who resides in Jasper County, Illinois.

6.   During all relevant times in this Complaint Defendant, City of Newton was a local government in Illinois created and existing by virtue of the laws of Illinois. The City of Newton Police Department is a Department of the City of Newton. Defendant City of Newton employs the personnel of its Police Department and is responsible for its lawful operations, administration, maintenance, training, supervising personnel employed, and otherwise controls the City of Newton Police Department. Defendant City of Newton has established policies and procedures for its Police Department and other relevant provisions. The acts and/or omissions alleged in this Complaint were under color of authority, color of state law, as well as under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the City of Newton. Defendant, City of Newton is liable for the actions of its employees.

7.  On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICERS ADAM DECKARD was employed as a police officer of the City of Newton.

8.  On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER ADAM DECKARD was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that

employment and under color of law.

9.  On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER TREVOR HONOMICHL was employed as a police officer of the City of Newton.

10. On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER TREVOR HONOMICHL was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that employment and under color of law.

11. On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER GARRET FINN was employed as a police officer of the City of Newton.

12. On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER GARRET FINN was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that employment and under color of law.

13. On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER DUSTIN LEVIT was employed as a police officer of the City of Newton.

14. On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER DUSTIN LEVIT was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that employment and under color of law.

15.  On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY

OF NEWTON POLICE OFFICER GREGORY COKER was employed as a police officer of the City of Newton.

16. On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER GREGORY COKER was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that employment and under color of law.

## ALLEGATIONS

17. On January 29, 2023, at around 1:30 to 1:40 AM, Plaintiff, Dakota Boyd, returned home shaking, terrified, and was white as a ghost.

18. His mother, Plaintiff Frances Powell, was awakened when he got there.

19. Plaintiff Powell saw her son in that condition, asked him to sit down, and tried to calm him.

20. After calming him down, she asked him what happened.

21. Boyd's grandmother entered the kitchen and his children were awakened.

22. Boyd said that he was going to Claudia's, his girlfriend's place after she had been out with her friends at the bar.

23. During this time, Defendant City of Newton Defendant Police Officers arrived at the Plaintiffs' home.

24. Boyd informed his mom that he could not go out, so she told him that she would instead and talk to the police.

25. Defendant Honomichl asked where Plaintiff Boyd was, and Plaintiff Powell told him that he was inside and not in shape or state of mind to come out and talk.

26. Powell noticed what happened to her mom's car that was damaged on the passenger's

side, including both doors.

27. She realized why her son, Plaintiff Boyd was so shaken.

28. Plaintiff Powell told Defendant Honomichl, "I hope you have Austin Zuber in jail!"

29. In response to that, Defendant Honomichl said, "Why would we have him in jail?"

30. She told them, "Do you see my mom's car? He (Austin) T-boned it over by Claudia's on Reynolds Street."

31. Defendant Honomichl said, "How do you know, were you driving?"

32. The other Defendant officers who were present said "Yeah, sounds like she was driving." and they were laughing.

33. Powell did not find anything funny about that and just said, "Yeah, I was driving my mom's car over to my son's girlfriend's house to meet her after the bars closed."

34. Defendant Honomichl was looking for Plaintiff Boyd.

35. Powell went back in and told Boyd that the police did not arrest Austin and this made Plaintiff Boyd really confused.

36. Plaintiff Powell went back to the police officers and stated she would bring Plaintiff Boyd down to the precinct when he calmed down and after his children slept.

37. Plaintiff Powell observed Defendant Honomichl talking to Defendant Deckard on the phone.

38. They claimed they had three (3) eyewitnesses, Austin, Claudia, and Hannah who they claimed saw Plaintiff Boyd hit Austin's F250 truck.

39. Defendant Honomichl knocked on the front door, Powell opened it, and Defendant Honomichl asked for Plaintiff Boyd to come out.

40. Neither Defendant Honomichl nor any of the other Defendant officers had a search

warrant nor an arrest warrant for Plaintiff Boyd.

41. Plaintiff Powell finally asked him if Plaintiff Boyd was under arrest, and Defendant Honomichl said they just wanted to talk to him.

42. Plaintiff Powell asked Defendant Honomichl if he could talk to the Plaintiff Boyd through the screen door, or if she could bring him to the station with their lawyer present.

43. Plaintiff Powell also requested the officer to remove himself from their door, many times, as half of his body was in the door, and she could not close it.

44. When Defendant Honomichl declined to move away from the door, Plaintiff Powell told them that if the officers did not have a warrant, then she needed to shut the door.

45. Defendant Honomichl said no and told them, "We can do this the easy way or the hard way" and Defendant Honomichl began forcing himself inside.

46. Plaintiff Boyd's children and his grandmother were there crying due to the commotion.

47. Defendant Honomichl was yelling and looking at Plaintiff Powell right in the eyes trying to intimidate and threaten her.

48. Plaintiff Boyd then went out the front door.

49. The next thing Plaintiff Powell heard was Plaintiff Boyd yelling, "Help me! Help me! My hand! My hand!" It had stitches in it.

50. Plaintiff Powell got to where they had Plaintiff Boyd on the ground.

51. The Defendant officers were fabricating a narrative saying stop resisting, but Plaintiff Boyd's hands were straight out he was saying that he was not resisting.

52. Plaintiff Powell saw Defendant Levitt on Plaintiff Boyd's lower part of his back and Defendant Honomichl had a knee on Plaintiff Boyd's neck.

53. The Defendant police officers had one of Plaintiff's Boyd's hand's handcuffed and grabbed the other one with stitches in it.

54. Plaintiff Boyd said he could not breathe twice.

55. Defendant Honomichl told him to wait a minute, it was not even 20 to 30 seconds later that Plaintiff Boyd was unconscious.

56. Plaintiff Powell saw they were just flopping his hand around and then she said "Dakota! Dakota! Oh my god, Dakota!"

57. Plaintiff Powell stepped forward maybe two steps and Defendant Honomichl said roll Boyd over.

58. Defendant Honomichl turned to Plaintiff Powell and shoved her so hard she fell back against the shed and landed on big decorative rocks and there was a brick border around it.

59. She was crying at this point, and she thought Defendant Honomichl just killed her son.

60. Defendant Honomichl yelled at Plaintiff Powell, "Oh stop it."

61. Plaintiff Powell asked him why he shoved her, and he said that he did not.

62. Plaintiff Powell then had her phone down because she had to use her feet and hands to get up.

63. She could not just use her knees to get up due to a completely ripped muscle.

64. She also saw Defendant Levitt take her phone and walk about 4 to 5 feet back behind the other two Defendant Officers who were trying to bring Plaintiff Boyd back.

65. Defendant Levitt smiled and asked Plaintiff Powell if she wanted her phone, raised it, and dropped it right next to his feet.

66. Plaintiff Powell went over to pick it up and she took a few steps back.

67. Plaintiff Powell went back to capture the video and looked at Plaintiff Boyd to see if he was coming.

68. Defendant Levitt yelled at Plaintiff Powell to get back and shoved her but did not knock her down.

69. Defendant Levitt yelled I said get back and don't touch me. Don't you ever touch me!"

70. He tackled Plaintiff Powell in those same rocks, and he was holding her down saying, "I told you to back up."

71. Plaintiff Powell said she was, then the officer said, "I told you not to touch me!"

72. She said, "I did not touch you."

73. He then said, "Well you were close enough to touch me."

74. Plaintiff Powell told him I was backing up.

75. Defendant Levitt had a hold of Plaintiff Powell's wrist which had plates and screws in it and she asked him to let go of her wrist.

76. He squeezed it hard then let go of it.

77. The Plaintiff regained consciousness when Defendant Levitt had her down.

78. Plaintiff Boyd regained consciousness when Defendant Levitt had her down and yelled to get off his mother as he might kill her or her artery could rupture.

79. Defendant Finn lied and said the Plaintiff Powell was swinging at Officer Levitt, which she was not.

80. Defendant Levitt said well you were close enough to touch me.

81. Plaintiff Powell told him she was backing up.

82. Plaintiff Powell has a video of some of what happened.

83. The other Defendant Officers personally observed what was transpiring and failed to

intervene or stop the other officers from violating Plaintiffs' constitutional rights.

84. As a result of what these Officers did that day, Plaintiff Powell suffered two life threatening injuries, three (3) surgeries, she was bedridden for a year now and will be for another year or two.

85. Plaintiff Boyd suffered injuries as well.

86. On January 31, 2023, Defendant Honomichl told the State's Attorney that Plaintiff Powell told him she was driving and impeding on the prosecution of Plaintiff Dakota Boyd, which is not true.

87. There was no prosecution of Plaintiff Boyd.

88. Plaintiff did not commit the crimes that Defendants accused her of.

89. At no time relevant to this Complaint did Defendants have a reasonable belief or probable cause that Plaintiffs committed or was guilty of a crime.

90. Defendants instituted a judicial proceeding against Plaintiff Powell and their actions were made with either "actual malice," with his knowledge that the statements were false, had the purpose of bringing these false charges to vex her, and was done so maliciously with ill-will, spite, and/or hatred, or with reckless disregard for whether the statements were true or false.

91. The fact of Plaintiff's arrest and incarceration because of these counts has become known amongst her family, friends, acquaintances, employer, and the public knowledge of said fact will inescapably become known in the future because of Defendants' malicious and unjustified accusations.

92. As a result of the Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain; past and future anxiety, medical

expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

### COUNT I: 42 U.S.C. § 1983 Excessive Force
*(Plaintiffs Against Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker )*

93. Plaintiffs re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

94. The actions of the Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker constituted unreasonable, unjustifiable, and excessive force against Plaintiffs, thus violating their rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

95. As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

WHEREFORE pursuant to 42 U.S.C.A. § 1983, Plaintiffs, FRANCES POWELL, DAKOTA BOYD demand judgment against DEFENDANTS CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER  for:

A.  Compensatory damages in an amount to be proven at trial;

B.  Punitive and exemplary damages against each Defendant in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C.  Costs of suit;

D.  Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. § 2412 and as otherwise authorized by statute or law;

E.  Pre- and post-judgment interest as permitted by law; and

F.  Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

### COUNT II:  42 U.S.C. § 1983 False Arrest/Unlawful Detention
*(Plaintiffs Against Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker)*

96. Plaintiffs re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

97. As described more fully above, Defendants City Of Newton Police Officers Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker  falsely arrested and/or unlawfully detained Plaintiffs without legal justification.

98. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

99. The actions by Defendants in falsely detaining, arresting, and imprisoning Plaintiffs without reasonable suspicion or probable cause violated Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures, pursuant to 42 U.S.C. § 1983.

100.      The misconduct of Defendants was objectively unreasonable and was undertaken intentionally, with malice, and with a knowing disregard for Plaintiffs' clearly

established constitutional rights.

101.     Absent Defendants' aforesaid misconduct including, but not limited to, the making of false statements, concealment of exculpatory evidence (surveillance footage), and/or the fabrication of evidence, the detention, false imprisonment, arrest and/or prosecution of Plaintiff would not have been pursued.

102.     The aforesaid misconduct of Defendants directly and proximately resulted in the unjust and wrongful the detention, false imprisonment, arrest and/or prosecution of Plaintiffs.

103.     Defendants' misconduct violated Plaintiffs' right to be free from unreasonable seizures as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the Constitution of the United States

104.     As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

WHEREFORE pursuant to 42 U.S.C.A. § 1983, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand judgment against DEFENDANTS CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER for:

A.  Compensatory damages in an amount to be proven at trial;

B.  Punitive and exemplary damages against Defendants in an amount appropriate to punish

them and deter others from engaging in similar misconduct;

C.  Costs of suit;

D.  Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. § 2412 and

as otherwise authorized by statute or law;

E.  Pre- and post-judgment interest as permitted by law; and

F.  Such other relief, including injunctive and/or declaratory relief, as the court may deem

fair, just, and equitable.

**COUNT III: Conspiracy To Deprive Constitutional Rights (42 U.S.C.A. § 1983)**
*(Plaintiffs Against Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker)*

105.     Plaintiffs re-alleges and incorporates each of the foregoing paragraphs as though

fully set forth here.

106.     As described more fully above, Defendants reached an agreement amongst

themselves to harm Plaintiffs, punish them for crimes they did not commit, and to

thereby deprive them of their Constitutional rights.

107.     In the aforesaid manner, Defendants made concerted actions to accomplish an

unlawful purpose by unlawful means in order to deprive Plaintiff Powell of her

constitutional rights, including her rights to due process all as described in the various

paragraphs of this Complaint.

108.     Defendants acted within the scope of their employment and under color of law.

109.     In the furtherance of the conspiracy each of the co-conspirators engaged in and

facilitated numerous avert acts, including, but not limited to, those set forth above such

as making false statements and or attestations and detaining Plaintiffs and were

otherwise willful participants in the joint activity.

110.    The misconduct described in this count was objectively unreasonable and was undertaken intentionally and wantonly, with malice, and willful indifference to Plaintiffs' clearly established rights.

111.    Absent Defendants' aforesaid misconduct, Plaintiff would not have been pursued and his right would not have violated.

112.    As a direct and proximate result of this violation of their constitutional right not to be detained or imprisoned without probable cause, Plaintiffs suffered injuries, including but not limited to severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

WHEREFORE pursuant to 42 U.S.C.A. § 1983, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand judgment against DEFENDANTS CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER  for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each Defendants in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. §2412 and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**COUNT IV: Failure To Intervene (42 U.S.C.A. § 1983)**
*(Plaintiffs Against Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker)*

113.     Plaintiffs re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

114.     Each Defendant knew the other Officers intended to falsely imprisoned, arrest, and use excessive force against Plaintiffs, had a reasonable opportunity to prevent the excessive force, false imprisonment, false arrest, assault, battery, and other violations of the Plaintiff's constitutional rights, but failed to do so.

115.     Defendants' misconduct was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to Plaintiffs' rights.

116.     Defendants' misconduct was undertaken pursuant to the policy, practice, and custom of the City of Newton's Police Department.

117.     As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

WHEREFORE, pursuant to 42 U.S.C.A. § 1983, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand judgment against DEFENDANTS CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT,

AND GREGORY COKER  for:

    A. Compensatory damages in an amount to be proven at trial;

    B. Punitive and exemplary damages against each Defendants in an amount appropriate to punish them and deter others from engaging in similar misconduct;

    C. Costs of suit;

    D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. §2412 and as otherwise authorized by statute or law;

    E. Pre- and post-judgment interest as permitted by law; and

    F. Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

### COUNT V: 42 U.S.C. § 1983 First Amendment Retaliation
*(Plaintiffs Against Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker)*

118.    Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully stated herein.

119.    The First Amendment protects a wide spectrum of free speech and association, including a resident's right to speak freely and to advocate ideas.

120.    Plaintiffs spoke their minds about the unlawfulness of the Defendants' actions.

121.    Defendants unlawfully retaliated against Plaintiffs for the exercise of their rights under the First Amendment.

122.    Defendants engage in retaliatory conduct against Plaintiffs based on their engagement in protected and concerted speech and activities.

123.    Defendants attempted to intimidate, discourage, punish, humiliate, and teach Plaintiffs a lesson.

124.    Defendants intentionally subjected Plaintiffs to unequal and retaliatory treatment by retaliating against them.

125.    Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning retaliation against individuals based in violation of the  First Amendment.

126.    The actions of Defendants against Plaintiffs violated their rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

127.    As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain  and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

WHEREFORE, pursuant to 42 U.S.C.A. § 1983, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand judgment against DEFENDANTS CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER  for:

A. Compensatory damages in an amount to be proven at trial;

B. Punitive and exemplary damages against each Defendants in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. §2412 and as otherwise authorized by statute or law;

E.  Pre- and post-judgment interest as permitted by law; and

F.  Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

### COUNT VI: Monell Policy Claim
*(Plaintiffs Against Defendant City Of Newton)*

128.    Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully stated herein.

129.    The individual Defendant City Of Newton Officers' excessive use of force, false arrest, wrongful imprisonment, failure to intervene, and conspiracy to deprive Plaintiff of his Constitutional rights, were all undertaken under pursuant to the policy, practice, and custom of Defendant City of NEWTON'S Police Department.

130.    The actions of Defendant CITY OF NEWTON Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating their rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

131.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

132.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

133.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the in that:

134.    The misconduct described in this Count was caused by Defendant City Of Newton in that:

a.  The City Of  Newton and its Police Department maintained the widespread and settled policy and practice of failing to adequately train, supervise, discipline, and otherwise control its officers.

b.  The City Of  Newton and its Police Department knew that the maintenance of these practices would result in preventable police abuse, including the type of unconstitutional abuse inflicted on Plaintiff.

c.  The City Of  Newton and its Police Department oversaw acquiesced in, and even condoned the above-described policies and practices and refused to take steps to correct them.

d.  The City Of  Newton and its Police Department failed to monitor police officers and groups of officers who violate civilians' constitutional rights;

e.  The City Of  Newton and its Police Department failed to discipline police officers who violate civilians' constitutional rights; and

f.  The City Of  Newton and its Police Department failed to implement an effective early warning system to identify police officers and groups of officers who systematically violate civilians' constitutional rights.

g.  With respect to the Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker

h.  The City Of Newton Police Department had a practice of committing misconduct similar to that alleged by Plaintiff.  Yet, the City Of Newton approved, assisted, condoned and/or purposely ignored the Defendant Officers' prior misconduct.

i.  As a matter of both policy and practice, the City Of Newton Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its

officers, such that its failure to do so manifests deliberate indifference;

j.  As a matter of both policy and practice, the CITY OF NEWTON Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading CITY OF NEWTON Police Officers to believe his actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, CITY OF NEWTON Police Officers accused of excessive force can be confident that the OPS will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

k.  Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the CITY OF NEWTON Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the CITY OF NEWTON Police Department makes findings of wrongdoing in a disproportionately small number of cases;

l.  Municipal policymakers are aware of, and condone and facilitate by his inaction, a "code of silence" in the CITY OF NEWTON Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

m.  The Village has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

n.  The misconduct described in this Count was undertaken by Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker within the scope of their employment and under color of law such that their employer, City Of Newton, is liable for their actions.

135.     As a result, Defendant City Of Newton's misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

WHEREFORE pursuant to 42 U.S.C.A. § 1983, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand judgment against Defendant CITY OF  NEWTON for:

A.  Compensatory damages in an amount to be proven at trial;

B.  Costs of suit;

C.  Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. § 2412 and as otherwise authorized by statute or law;

D.  Pre- and post-judgment interest as permitted by law; and

E.  Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

### COUNT VII: Assault And Battery (State Claim)
(*Plaintiffs Against Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker*)

136.     Plaintiffs repeat, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

137.     As described in the preceding paragraphs, the conduct of Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker acting under color of law and within the scope of their employment, caused Plaintiffs to fear an imminent harmful contact that was undertaken willfully and

wantonly, proximately causing Plaintiffs' bodily injuries.

138.     As described above, the conduct of Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker acting under color of law and within the scope of their employment caused Plaintiffs to experience actual offensive and harmful physical contact. undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

139.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

140.     The misconduct described in this Court was undertaken by Defendants within the scope of their employment such that his employer, Defendant City Of Newton, is liable for their actions.

141.     As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain  and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

WHEREFORE, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand judgment against Defendants CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER  for:

A. Compensatory damages against each Defendant in an amount to be proven at trial;

B. Leave to amend the complaint at the close of discovery to request punitive and exemplary damages against Defendants in an amount appropriate to punish him and

deter others from engaging in similar misconduct;

C.  Costs of suit;

D.  Reasonable attorney's fees pursuant statute and as otherwise authorized by statute or law;

E.  Pre- and post-judgment interest as permitted by law; and

F.  Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**COUNT VIII: Intentional Infliction Of Emotional Distress (State Claim)**
*(Plaintiffs Against Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker)*

142.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

143.    The acts and conduct of the Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker  as set forth above were extreme and outrageous.

144.    The Defendants' actions were rooted in an abuse of power or authority, and they were undertaken with intent to cause, or were in reckless disregard of the probability that their overall would cause, severe emotional distress to Plaintiffs, as is more fully alleged above.

145.    The acts and conduct of the Defendants caused Plaintiffs to suffer severe or extreme emotional distress.

146.    The acts and conduct of the Defendants actually and proximately caused Plaintiffs emotional distress.

147.    As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiffs sustained and continues to sustain severe, permanent physical, mental, emotional,

and economic injuries, alienation, humiliation, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life.

WHEREFORE, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand judgment against Defendants CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER for:

A. Compensatory damages against each Defendant in an amount to be proven at trial;

B. Leave to amend the complaint at the close of discovery to request punitive and exemplary damages against Defendants in an amount appropriate to punish him and deter others from engaging in similar misconduct;

C. Costs of suit;

D. Reasonable attorney's fees pursuant statute and as otherwise authorized by statute or law;

E. Pre- and post-judgment interest as permitted by law; and

F. Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**COUNT IX: Negligent Infliction of Emotional Distress (State Claim)**
*(Plaintiffs Against Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker)*

148.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully stated herein.

149.   The aforesaid conduct by Defendants was done negligently and carelessly, was outrageous, and caused Plaintiffs to suffer severe emotional distress and mental anguish. Plaintiffs specifically pleads that the tort underlying the negligent infliction of emotional

distress is excessive force, false arrest, false imprisonment, assault, battery, but also seeks to have this Court consider the torts that are or may be claimed in this action.

150.     As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiffs sustained and continues to sustain severe, permanent physical, mental, emotional, and economic injuries, alienation, humiliation, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life.

WHEREFORE, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand judgment against Defendants CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER for:

A.  Compensatory damages against each Defendant in an amount to be proven at trial;

B.  Leave to amend the complaint at the close of discovery to request punitive and exemplary damages against Defendants in an amount appropriate to punish him and deter others from engaging in similar misconduct;

C.  Costs of suit;

D.  Reasonable attorney's fees pursuant statute and as otherwise authorized by statute or law;

E.  Pre- and post-judgment interest as permitted by law; and

F.  Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

### COUNT X: 745 ILCS 10/9-102 – Indemnification (State Claim)
*(Plaintiffs Against Defendant City Of Newton)*

151.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

152.     Defendant CITY OF NEWTON is the employer of Defendants City Of Newton

Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker .

153.     The individually named Defendant City Of Newton Police Officers Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker committed the acts alleged above under color of law and in the scope of their employment as employees of the City Of Newton.

154.     Pursuant to Section 10/9-109 of the Illinois Local Government and Government Employees Tort Immunity Act, public entities are required to pay any tort judgment for compensatory damages against an employee acting within the scope of his or her employment. 745 ILCS 10/9-102.

155.     Therefore, Defendant, City Of Newton is liable as employers for any resulting damages or award of attorney's fees.

WHEREFORE, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand that, should any individually named Defendants CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER  be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant CITY OF NEWTON be found liable for any judgment Plaintiff obtains, as well as attorney's fees, and costs awarded.

### COUNT XI: Respondeat Superior (State Claim)
*(Plaintiffs Against Defendant City Of Newton)*

156.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

157.     In committing the acts alleged in the preceding paragraphs, Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit,

and Gregory Coker were employees and agent of Defendant City Of Newton acting at all relevant times within the scope of their employment and under color of law.

158.     Defendant City Of Newton is liable as principals for all torts committed by its agents.

WHEREFORE, Plaintiffs, FRANCES POWELL and DAKOTA BOYD demand that, should any individually named Defendants CITY OF NEWTON POLICE OFFICERS ADAM DECKARD, TREVOR HONOMICHL, GARRET FINN, DUSTIN LEVIT, AND GREGORY COKER  be found liable on one or more of the claims set forth above, that the Defendant CITY OF NEWTON be found liable for any judgment Plaintiff obtains, as well as attorney's fees, and costs awarded.

## JURY DEMAND

Plaintiffs, FRANCES POWELL and DAKOTA BOYD hereby demand a trial by jury, pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: January 29, 2024                         Respectfully submitted,
                                                **PINKSTON LAW GROUP, P.C.**

                                                /s/ Danielle A. Pinkston

                                                _____
                                                Danielle A. Pinkston
                                                54 N. Ottawa St., Ste. 110
                                                Joliet, IL. 60432
                                                (773) 770-4771
                                                dpinkston@pinkstonlawgroup.com
                                                Atty. for Plaintiffs: FRANCES
                                                POWELL and DAKOTA BOYD