IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANCES POWELL and DAKOTA BOYD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  3:24-cv-00235-SPM |
| CITY OF NEWTON, a Municipal Corporation, CITY OF NEWTON POLICE OFFICERS, ADAM DECKARD, TREVOR HONOMICHL, GARRETT FINN, and DUSTIN LEVIT, and GREGORY COKER, in their individual capacities, | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## **ANSWER**

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to the plaintiff's Complaint, state as follows:

1. Defendants deny the allegations contained in paragraph 1.

2. Defendants admit to the allegations contained in paragraph 2.

3. Defendants admit that the venue is proper in the Southern District of Illinois, but otherwise deny the remaining allegations contained in paragraph 3.

4. Defendants admit upon information and belief the allegations contained in paragraph 4.

5. Defendants admit upon information and belief the allegations contained in paragraph 5.

6. Defendants admit that the City of Newton is a local governmental entity existing under the laws of Illinois and that it employs the personnel at the Police Department.

Defendant further admits that all of the Newton officers involved herein were acting within the course and scope of their employment and under color of law, but otherwise deny the remaining allegations contained in paragraph 6.

7. Defendants admit to the allegations contained in paragraph 7.

8. Defendants admit to the allegations contained in paragraph 8.

9. Defendants admit to the allegations contained in paragraph 9.

10. Defendants admit to the allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants admit to the allegations contained in paragraph 15.

16. Defendants admit to the allegations contained in paragraph 16.

17. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 17.

18. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 18.

19. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 19.

20. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 20.

21. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 21.

22. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 22.

23. Defendants admit that at some point during the morning hours of January 29, 2023 Newton Police Officers arrived at the plaintiff's home.

24. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 24.

25. Defendants admit to the allegations contained in paragraph 25.

26. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 26.

27. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants admit to the allegations contained in paragraph 34.

35. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 37.

38. Defendants admit that three (3) eyewitnesses identified Boyd as the perpetrator of the hit and run.

39. Defendants admit to the allegations contained in paragraph 39.

40. Defendants admit to the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants admit to the allegations contained in paragraph 48.

49. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 49.

50. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

53. Defendants admit that Boyd was handcuffed and that upon information and belief he had stitches in one hand.

54. Defendants admit to the allegations contained in paragraph 54.

55. Defendants deny the allegations contained in paragraph 55.

56. Defendants deny the allegations contained in paragraph 56.

57. Defendants admit that Honomichl, upon completing the cuffing of Boyd, rolled Boyd onto his side, but otherwise deny the remaining allegations of paragraph 57.

58. Defendants deny the allegations contained in paragraph 58.

59. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 59.

60. Defendant Honomichl admits making that statement but denies there was any contact as implied by the plaintiff.

61. Defendants admit to the allegations contained in paragraph 61.

62. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 62.

63. Defendants deny the allegations contained in paragraph 63.

64. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 64.

65. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 65.

66. Defendants deny the allegations contained in paragraph 66.

67. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 67.

68. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 68.

69. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 69.

70. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 70.

71. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 71.

72. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 72.

73. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 73.

74. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 74.

75. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 75.

76. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 76.

77. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 77.

78. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 78.

79. Defendants deny the allegations contained in paragraph 79.

80. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 80.

81. Defendants have insufficient knowledge and therefore deny the allegations contained in paragraph 81.

82. Defendants admit upon information and belief the allegations contained in paragraph 82.

83. Defendants deny the allegations contained in paragraph 83.

84. Defendants deny the allegations contained in paragraph 84.

85. Defendants deny the allegations contained in paragraph 85.

86. Defendants admit that Powell lied and claimed that she was driving the vehicle involved in the hit and run.

87. Defendants deny the allegations contained in paragraph 87.

88. Defendants deny the allegations contained in paragraph 88.

89. Defendants deny the allegations contained in paragraph 89.

90. Defendants deny the allegations contained in paragraph 90.

91. Defendants deny the allegations contained in paragraph 91.

92. Defendants deny the allegations contained in paragraph 92.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

**COUNT I**

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count I of plaintiff's Complaint, states as follows:

93. Defendants readopt and reincorporate their responses to paragraphs 1-92.

94. Defendants deny the allegations contained in paragraph 94.

95. Defendants deny the allegations contained in paragraph 95.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count I of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

**COUNT II**

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count II of plaintiff's Complaint, states as follows:

96. Defendants readopt and reincorporate their responses to paragraphs 1-92.

97. Defendants deny the allegations contained in paragraph 97.

98. Defendants deny the allegations contained in paragraph 98.

99. Defendants deny the allegations contained in paragraph 99.

100. Defendants deny the allegations contained in paragraph 100.

101. Defendants deny the allegations contained in paragraph 101.

102. Defendants deny the allegations contained in paragraph 102.

103. Defendants deny the allegations contained in paragraph 103.

104. Defendants deny the allegations contained in paragraph 104.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count II of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

## COUNT III

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count III of plaintiff's Complaint, states as follows:

105. Defendants readopt and reincorporate their responses to paragraphs 1-92.

106. Defendants deny the allegations contained in paragraph 106.

107. Defendants deny the allegations contained in paragraph 107.

108. Defendants admit to the allegations contained in paragraph 108.

109. Defendants deny the allegations contained in paragraph 109.

110. Defendants deny the allegations contained in paragraph 110.

111. Defendants deny the allegations contained in paragraph 111.

112. Defendants deny the allegations contained in paragraph 112.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count III of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

## COUNT IV

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count IV of plaintiff's Complaint, states as follows:

113. Defendants readopt and reincorporate their responses to paragraphs 1-92.

114. Defendants deny the allegations contained in paragraph 114.

115. Defendants deny the allegations contained in paragraph 115.

116. Defendants deny the allegations contained in paragraph 116.

117. Defendants deny the allegations contained in paragraph 117.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count IV of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

## COUNT V

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count V of plaintiff's Complaint, states as follows:

118. Defendants readopt and reincorporate their responses to paragraphs 1-92.

119. Defendants admit to the allegations contained in paragraph 119.

120. Defendants deny the allegations contained in paragraph 120.

121. Defendants deny the allegations contained in paragraph 121.

122. Defendants deny the allegations contained in paragraph 122.

123. Defendants deny the allegations contained in paragraph 123.

124. Defendants deny the allegations contained in paragraph 124.

125. Defendants deny the allegations contained in paragraph 125.

126. Defendants deny the allegations contained in paragraph 126.

127. Defendants deny the allegations contained in paragraph 127.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count V of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

**COUNT VI**

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count VI of plaintiff's Complaint, states as follows:

128.   Defendants readopt and reincorporate their responses to paragraphs 1-92.

129.   Defendants deny the allegations contained in paragraph 129.

130.   Defendants deny the allegations contained in paragraph 130.

131.   Defendants deny the allegations contained in paragraph 131.

132.   Defendants deny the allegations contained in paragraph 132.

133.   Defendants deny the allegations contained in paragraph 133.

134.   Defendants deny each and every allegation contained in paragraph 134 including subparagraphs a-n.

135.   Defendants deny the allegations contained in paragraph 135.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count VI of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

**COUNT VII**

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count VII of plaintiff's Complaint, states as follows:

136.   Defendants readopt and reincorporate their responses to paragraphs 1-92.

137.   Defendants deny the allegations contained in paragraph 137.

138. Defendants deny the allegations contained in paragraph 138.

139. Defendants deny the allegations contained in paragraph 139.

140. Defendants deny the allegations contained in paragraph 140.

141. Defendants deny the allegations contained in paragraph 141.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count VII of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

### COUNT VIII

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count VIII of plaintiff's Complaint, states as follows:

142. Defendants readopt and reincorporate their responses to paragraphs 1-92.

143. Defendants deny the allegations contained in paragraph 143.

144. Defendants deny the allegations contained in paragraph 144.

145. Defendants deny the allegations contained in paragraph 145.

146. Defendants deny the allegations contained in paragraph 146.

147. Defendants deny the allegations contained in paragraph 147.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count VIII of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

## COUNT IX

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count IX of plaintiff's Complaint, states as follows:

148. Defendants readopt and reincorporate their responses to paragraphs 1-92.

149. Defendants deny the allegations contained in paragraph 149.

150. Defendants deny the allegations contained in paragraph 150.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count IX of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

## COUNT X

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count X of plaintiff's Complaint, states as follows:

151. Defendants readopt and reincorporate their responses to paragraphs 1-92.

152. Defendants deny the allegations contained in paragraph 152.

153. Defendants deny the allegations contained in paragraph 153.

154. Defendants admit to the allegations contained in paragraph 154.

155. Defendants deny the allegations contained in paragraph 155.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count X of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

## COUNT XI

Now comes the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Answer to Count XI of plaintiff's Complaint, states as follows:

156.   Defendants readopt and reincorporate their responses to paragraphs 1-92.

157.   Defendants deny the allegations contained in paragraph 157.

158.   Defendants deny the allegations contained in paragraph 158.

WHEREFORE, the defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, pray that Count XI of plaintiff's Complaint be dismissed with prejudice at plaintiff's costs.

## DEFENDANT DEMANDS TRIAL BY JURY

## AFFIRMATIVE DEFENSES

Now comes the defendants, , CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER, by and through their undersigned attorneys, PIERCE LAW FIRM, P.C., and for their Affirmative Defenses, states as follows:

1.   Defendant is immune from liability for damages under the Doctrine of Qualified Immunity because his conduct did not violate clearly established law.

2.   Defendants' conduct did not rise to the level of a constitutional violation.

3.   The amount of force used by this defendant was objectively reasonable in light of the facts and circumstances surrounding the incident.

4.   That the defendant had legal justification to assist in the arrest of the plaintiff.

5.   That any conduct alleged to have been committed by the defendant was a result of provocation on the part of the plaintiff.

6.   That the defendant's actions were in self-defense in response to the plaintiff's conduct.

        Attorneys for Defendants, CITY OF NEWTON, ADAM DECKARD, TREVOR HONOMICHL, and GREGORY COKER

        s/Charles A. Pierce
        Charles A. Pierce - #06208106
        PIERCE LAW FIRM, P.C.
        3 Executive Woods Court, Suite 200
        Belleville, IL  62226
        Ph. 618-277-5599
        Fax:  618-239-6080
        cpierce@piercelawpc.com

### **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing document(s) to be served upon:

| | |
|---|---|
| Danielle A. Pinkston | Bhairav Radia |
| PINKSTON LAW GROUP, P.C. | Joseph D. Bracey |
| 54 N. Ottawa Street, Ste. 110 | IFMK Law, Ltd. |
| Joliet, IL 60432 | 650 Dundee Road, Suite 175 |
| dpinkston@pinkstonlawgroup.com | Northbrook, IL 60062 |
| | bradia@ifmklaw.com |
| | jbracey@ifmklaw.com |

by causing the same to be sent VIA E-MAIL on the 25th day of March, 2024.

        s/Charles A. Pierce