**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

FRANCES POWELL, *et al.*,

        Plaintiffs,

    v.

CITY OF NEWTON, *et al.*,

        Defendants.

No. 3:24-cv-235-SPM

JURY DEMAND

**DEFENDANTS FINN AND LEVIT'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Garret Finn and Dustin Levitt, by their attorneys, IFMK Law, Ltd., hereby respond to plaintiff's operative complaint, ECF #1, and submit the following answer, affirmative defenses and jury demand:

Introduction

1.    This cause of action is to redress the deprivation of Plaintiffs' constitution rights that resulted in personal injuries, to request damages, and prospective injunctive under 42 U.S.C.A. § 1983.

**RESPONSE: Defendants admit plaintiffs appear to bring this suit pursuant to the U.S. Constitution and the statute cited. Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law.**

Jurisdiction & Venue

2.    This court has jurisdiction to adjudicate Plaintiffs' claims pursuant to 28 U.S.C.A. §§ 1331, 1343(1)(2)(3)(4), 1367, and 42 U.S.C. § 1983.

**RESPONSE: Defendants admit plaintiffs have cited to various statutes in support of jurisdiction. Defendants admit jurisdiction is proper in the United States District Court for the Southern District of Illinois.**

3. The acts or omissions giving rise to the Plaintiffs' claims occurred in the County of Jasper and State of Illinois thus, pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in the Southern District of Illinois or any federal district.

**RESPONSE: Defendants admit plaintiffs have cited to a statute in support of venue. Defendants admit the alleged occurrence occurred in Jasper County within the State of Illinois. Defendants admit venue is proper in the Southern District of Illinois. Defendants deny venue is proper in "any federal district." Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law.**

<u>The Parties</u>

4. During all relevant times in this Complaint, Plaintiff, FRANCES POWELL, was and is a United States' citizen, who resides in Jasper County, Illinois.

**RESPONSE: Defendants admit the allegations contained in paragraph 4.**

5. During all relevant times in this Complaint, Plaintiff, DAKOTA BOYD, was and is a United States' citizen, who resides in Jasper County, Illinois.

**RESPONSE: Defendants admit the allegations contained in paragraph 5.**

6. During all relevant times in this Complaint Defendant, City of Newton was a local government in Illinois created and existing by virtue of the laws of Illinois. The City of Newton Police Department is a Department of the City of Newton. Defendant City of Newton employs the personnel of its Police Department and is responsible for its lawful operations, administration, maintenance, training, supervising personnel employed, and otherwise controls the City of Newton

Police Department. Defendant City of Newton has established policies and procedures for its Police Department and other relevant provisions. The acts and/or omissions alleged in this Complaint were under color of authority, color of state law, as well as under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the City of Newton. Defendant, City of Newton is liable for the actions of its employees.

**RESPONSE: Defendants admit the City of Newton is a local governmental entity under Illinois law and that it employes the personnel at its police department. Defendants deny any allegation that they were law enforcement officers employed by the City of Newton or working for the City of Newton's police department. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 6.**

7.      On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICERS ADAM DECKARD was employed as a police officer of the City of Newton.

**RESPONSE: Defendants admit the allegations contained in paragraph 7.**

8.      On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER ADAM DECKARD was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that employment and under color of law.

**RESPONSE: Defendants admit the allegations contained in paragraph 8.**

9.      On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER TREVOR HONOMICHL was employed as a police officer of the City of Newton.

**RESPONSE: Defendants admit the allegations contained in paragraph 9.**

10.     On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER TREVOR HONOMICHL was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that employment and under color of law.

**RESPONSE: Defendants admit the allegations contained in paragraph 10.**

11.     On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER GARRET FINN was employed as a police officer of the City of Newton.

**RESPONSE: Defendants deny the allegations contained in paragraph 11.**

12.     On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER GARRET FINN was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that employment and under color of law.

**RESPONSE: Defendants deny the allegations contained in paragraph 12.**

13.     On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER DUSTIN LEVIT was employed as a police officer of the City of Newton.

**RESPONSE: Defendants deny the allegations contained in paragraph 13.**

14.     On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER DUSTIN LEVIT was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that employment and under color of law.

**RESPONSE: Defendants deny the allegations contained in paragraph 14.**

15.     On January 29, 2023 and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER GREGORY COKER was employed as a police officer of the City of Newton.

**RESPONSE: Defendants admit the allegations contained in paragraph 15.**

16.     On January 29, 2023, and at all relevant times to this Complaint, Defendant, CITY OF NEWTON POLICE OFFICER GREGORY COKER was an agent, employee, and/or servant of the City of Newton and was acting within the course and scope of that employment and under color of law.

**RESPONSE: Defendants admit the allegations contained in paragraph 16.**

<u>Allegations</u>

17.     On January 29, 2023, at around 1:30 to 1:40 AM, Plaintiff, Dakota Boyd, returned home shaking, terrified, and was white as a ghost.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.**

18.     His mother, Plaintiff Frances Powell, was awakened when he got there.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18.**

19.     Plaintiff Powell saw her son in that condition, asked him to sit down, and tried to calm him.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.**

20.     After calming him down, she asked him what happened.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.**

21.     Boyd's grandmother entered the kitchen and his children were awakened.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21.**

22.     Boyd said that he was going to Claudia's, his girlfriend's place after she had been out with her friends at the bar.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22.**

23.     During this time, Defendant City of Newton Defendant Police Officers arrived at the Plaintiffs' home.

**RESPONSE: Defendants admit that at some point during the morning hours of January 29, 2023 Newton Police officer arrived at the plaintiffs' home. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 23.**

24.     Boyd informed his mom that he could not go out, so she told him that she would instead and talk to the police.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24.**

25.     Defendant Honomichl asked where Plaintiff Boyd was, and Plaintiff Powell told him that he was inside and not in shape or state of mind to come out and talk.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25.**

26.     Powell noticed what happened to her mom's car that was damaged on the passenger's side, including both doors.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26.**

27.     She realized why her son, Plaintiff Boyd was so shaken.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27.**

28.     Plaintiff Powell told Defendant Honomichl, "I hope you have Austin Zuber in jail!"

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28.**

29.     In response to that, Defendant Honomichl said, "Why would we have him in jail?"

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29.**

30.     She told them, "Do you see my mom's car? He (Austin) T-boned it over by Claudia's on Reynolds Street."

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30.**

31.     Defendant Honomichl said, "How do you know, were you driving?"

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31.**

32.     The other Defendant officers who were present said "Yeah, sounds like she was driving." and they were laughing.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32.**

33.     Powell did not find anything funny about that and just said, "Yeah, I was driving my mom's car over to my son's girlfriend's house to meet her after the bars closed."

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33.**

34.     Defendant Honomichl was looking for Plaintiff Boyd.

**RESPONSE: Defendants admit the allegations contained in paragraph 34.**

35.     Powell went back in and told Boyd that the police did not arrest Austin and this made Plaintiff Boyd really confused.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35.**

36.     Plaintiff Powell went back to the police officers and stated she would bring Plaintiff Boyd down to the precinct when he calmed down and after his children slept.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36.**

37.     Plaintiff Powell observed Defendant Honomichl talking to Defendant Deckard on the phone.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37.**

38.     They claimed they had three (3) eyewitnesses, Austin, Claudia, and Hannah who they claimed saw Plaintiff Boyd hit Austin's F250 truck.

**RESPONSE: Defendants admit that three (3) eyewitnesses identified Boyd as the perpetrator of the hit and run. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 38.**

39. Defendant Honomichl knocked on the front door, Powell opened it, and Defendant Honomichl asked for Plaintiff Boyd to come out.

**RESPONSE: Defendants admit the allegations contained in paragraph 39.**

40. Neither Defendant Honomichl nor any of the other Defendant officers had a search warrant nor an arrest warrant for Plaintiff Boyd.

**RESPONSE: Defendants admit the allegations contained in paragraph 40.**

41. Plaintiff Powell finally asked him if Plaintiff Boyd was under arrest, and Defendant Honomichl said they just wanted to talk to him.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41.**

42. Plaintiff Powell asked Defendant Honomichl if he could talk to the Plaintiff Boyd through the screen door, or if she could bring him to the station with their lawyer present.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42.**

43. Plaintiff Powell also requested the officer to remove himself from their door, many times, as half of his body was in the door, and she could not close it.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43.**

44. When Defendant Honomichl declined to move away from the door, Plaintiff Powell told them that if the officers did not have a warrant, then she needed to shut the door.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44.**

45.     Defendant Honomichl said no and told them, "We can do this the easy way or the hard way" and Defendant Honomichl began forcing himself inside.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45.**

46.     Plaintiff Boyd's children and his grandmother were there crying due to the commotion.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46.**

47.     Defendant Honomichl was yelling and looking at Plaintiff Powell right in the eyes trying to intimidate and threaten her.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 47.**

48.     Plaintiff Boyd then went out the front door.

**RESPONSE: Defendants admit the allegations contained in paragraph 48.**

49.     The next thing Plaintiff Powell heard was Plaintiff Boyd yelling, "Help me! Help me! My hand! My hand!" It had stitches in it.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 49.**

50.     Plaintiff Powell got to where they had Plaintiff Boyd on the ground.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50.**

51.     The Defendant officers were fabricating a narrative saying stop resisting, but Plaintiff Boyd's hands were straight out he was saying that he was not resisting.

**RESPONSE: Defendants deny the allegations contained in paragraph 51.**

52.     Plaintiff Powell saw Defendant Levitt on Plaintiff Boyd's lower part of his back and Defendant Honomichl had a knee on Plaintiff Boyd's neck.

**RESPONSE: Defendants deny the allegations contained in paragraph 52.**

53.     The Defendant police officers had one of Plaintiff's Boyd's hand's handcuffed and grabbed the other one with stitches in it.

**RESPONSE: Defendants admit Boyd was handcuffed and had stitches in one hand.**

54.     Plaintiff Boyd said he could not breathe twice.

**RESPONSE: Defendants admit the allegations contained in paragraph 54.**

55.     Defendant Honomichl told him to wait a minute, it was not even 20 to 30 seconds later that Plaintiff Boyd was unconscious.

**RESPONSE: Defendants deny the allegations contained in paragraph 55.**

56.     Plaintiff Powell saw they were just flopping his hand around and then she said "Dakota! Dakota! Oh my god, Dakota!"

**RESPONSE: Defendants deny the allegations contained in paragraph 56.**

57.     Plaintiff Powell stepped forward maybe two steps and Defendant Honomichl said roll Boyd over.

**RESPONSE: Defendants admit that Honomichl, upon completing the cuffing of Boyd, rolled Boyd onto his side. Defendants deny the remaining allegations contained in paragraph 57.**

58.     Defendant Honomichl turned to Plaintiff Powell and shoved her so hard she fell back against the shed and landed on big decorative rocks and there was a brick border around it.

**RESPONSE: Defendants deny the allegations contained in paragraph 58.**

59.     She was crying at this point, and she thought Defendant Honomichl just killed her son.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 59.**

60.     Defendant Honomichl yelled at Plaintiff Powell, "Oh stop it."

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 60.**

61.     Plaintiff Powell asked him why he shoved her, and he said that he did not.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 61.**

62.     Plaintiff Powell then had her phone down because she had to use her feet and hands to get up.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62.**

63.     She could not just use her knees to get up due to a completely ripped muscle.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 63.**

64.     She also saw Defendant Levitt take her phone and walk about 4 to 5 feet back behind the other two Defendant Officers who were trying to bring Plaintiff Boyd back.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64.**

65.    Defendant Levitt smiled and asked Plaintiff Powell if she wanted her phone, raised it, and dropped it right next to his feet.

**RESPONSE: Defendants deny the allegations contained in paragraph 65.**

66.    Plaintiff Powell went over to pick it up and she took a few steps back.

**RESPONSE: Defendants deny the allegations contained in paragraph 66.**

67.    Plaintiff Powell went back to capture the video and looked at Plaintiff Boyd to see if he was coming.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 67.**

68.    Defendant Levitt yelled at Plaintiff Powell to get back and shoved her but did not knock her down.

**RESPONSE: Defendants admit Levitt told Powell to get back and not to touch him. Defendants admit Levitt made contact with Powell. Defendants deny plaintiffs' allegations accurately or completely depict the interaction that occurred. Defendants deny any remaining allegations contained in paragraph 68.**

69.    Defendant Levitt yelled I said get back and don't touch me. Don't you ever touch me!"

**RESPONSE: Defendants admit Levitt told Powell to get back and not to touch him. Defendants admit Levitt made contact with Powell. Defendants deny plaintiffs' allegations accurately or completely depict the interaction that occurred. Defendants deny any remaining allegations contained in paragraph 69.**

70.     He tackled Plaintiff Powell in those same rocks, and he was holding her down saying, "I told you to back up."

**RESPONSE: Defendants admit Levitt told Powell to get back and not to touch him. Defendants admit Levitt made contact with Powell. Defendants deny plaintiffs' allegations accurately or completely depict the interaction that occurred. Defendants deny any remaining allegations contained in paragraph 70.**

71.     Plaintiff Powell said she was, then the officer said, "I told you not to touch me!"

**RESPONSE: Defendants admit Levitt told Powell to get back and not to touch him. Defendants admit Levitt made contact with Powell. Defendants deny plaintiffs' allegations accurately or completely depict the interaction that occurred. Defendants deny any remaining allegations contained in paragraph 71.**

72.     She said, "I did not touch you."

**RESPONSE: Defendants admit Levitt told Powell to get back and not to touch him. Defendants admit Levitt made contact with Powell. Defendants deny plaintiffs' allegations accurately or completely depict the interaction that occurred. Defendants deny any remaining allegations contained in paragraph 72.**

73.     He then said, "Well you were close enough to touch me."

**RESPONSE: Defendants admit Levitt told Powell to get back and not to touch him. Defendants admit Levitt made contact with Powell. Defendants deny plaintiffs' allegations accurately or completely depict the interaction that occurred. Defendants deny any remaining allegations contained in paragraph 73.**

74.     Plaintiff Powell told him I was backing up.

**RESPONSE: Defendants admit Levitt told Powell to get back and not to touch him. Defendants admit Levitt made contact with Powell. Defendants deny plaintiffs' allegations accurately or completely depict the interaction that occurred. Defendants deny any remaining allegations contained in paragraph 74.**

75.     Defendant Levitt had a hold of Plaintiff Powell's wrist which had plates and screws in it and she asked him to let go of her wrist.

**RESPONSE: Defendants admit Levitt told Powell to get back and not to touch him. Defendants admit Levitt made contact with Powell. Defendants deny plaintiffs' allegations accurately or completely depict the interaction that occurred. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding whether Powell had plates or screws in one wrist. Defendants deny any remaining allegations contained in paragraph 75.**

76.     He squeezed it hard then let go of it.

**RESPONSE:  Defendants deny the allegations contained in paragraph 76.**

77.     The Plaintiff regained consciousness when Defendant Levitt had her down.

**RESPONSE:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 77.**

78.     Plaintiff Boyd regained consciousness when Defendant Levitt had her down and yelled to get off his mother as he might kill her or her artery could rupture.

**RESPONSE:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 78.**

79.     Defendant Finn lied and said the Plaintiff Powell was swinging at Officer Levitt, which she was not.

**RESPONSE: Defendants deny the allegations contained in paragraph 79.**

80.     Defendant Levitt said well you were close enough to touch me.

**RESPONSE: Defendants deny the allegations**

81.     Plaintiff Powell told him she was backing up.

**RESPONSE: Defendants admit Levitt told Powell to get back and not to touch him. Defendants admit Levitt made contact with Powell. Defendants deny plaintiffs' allegations accurately or completely depict the interaction that occurred. Defendants deny any remaining allegations contained in paragraph 81.**

82.     Plaintiff Powell has a video of some of what happened.

**RESPONSE: Defendants admit, upon information and belief, that Powell has a video of portions of the occurrence. Defendants deny Powell's video accurately or completely depicts the entirety of the interaction that occurred.**

83.     The other Defendant Officers personally observed what was transpiring and failed to intervene or stop the other officers from violating Plaintiffs' constitutional rights.

**RESPONSE: Defendants admit they were present and observed portions of the occurrence. Defendants deny violating plaintiffs' constitutional rights or failing to intervene to prevent other officers from doing so.**

84.     As a result of what these Officers did that day, Plaintiff Powell suffered two life threatening injuries, three (3) surgeries, she was bedridden for a year now and will be for another year or two.

**RESPONSE: Defendants deny they proximately caused any injuries to Powell. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 84.**

85.     Plaintiff Boyd suffered injuries as well.

**RESPONSE: Defendants deny they proximately caused any injuries to Boyd. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 88.**

86.     On January 31, 2023, Defendant Honomichl told the State's Attorney that Plaintiff Powell told him she was driving and impeding on the prosecution of Plaintiff Dakota Boyd, which is not true.

**RESPONSE: Defendants admit Powell lied and told law enforcement officers that she was driving in an attempt to impede the prosecution of Boyd. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 86.**

87.     There was no prosecution of Plaintiff Boyd.

**RESPONSE: Defendants deny the allegations contained in paragraph 87.**

88.     Plaintiff did not commit the crimes that Defendants accused her of.

**RESPONSE: Defendants deny the allegations contained in paragraph 88.**

89.     At no time relevant to this Complaint did Defendants have a reasonable belief or probable cause that Plaintiffs committed or was guilty of a crime.

**RESPONSE: Defendants deny the allegations contained in paragraph 89.**

90.     Defendants instituted a judicial proceeding against Plaintiff Powell and their actions were made with either "actual malice," with his knowledge that the statements were false, had the purpose of bringing these false charges to vex her, and was done so maliciously with ill-will, spite, and/or hatred, or with reckless disregard for whether the statements were true or false.

**RESPONSE: Defendants deny the allegations contained in paragraph 90.**

91.     The fact of Plaintiff's arrest and incarceration because of these counts has become known amongst her family, friends, acquaintances, employer, and the public knowledge of said fact will inescapably become known in the future because of Defendants' malicious and unjustified accusations.

**RESPONSE: Defendants deny the allegations contained in paragraph 91.**

92.     As a result of the Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

**RESPONSE: Defendants deny the allegations contained in paragraph 92.**

<u>Count I – 42 U.S.C. § 1983</u>
(Excessive Force – Defendants Coker, Deckard, Finn, Honomichl, Levitt)

93.     Plaintiffs re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

**RESPONSE: Defendants incorporate their responses to paragraphs 1 through 92 in response to paragraph 93.**

94.     The actions of the Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker constituted unreasonable, unjustifiable, and excessive force against Plaintiffs, thus violating their rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**RESPONSE: Defendants deny the allegations contained in paragraph 94.**

95.     As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

**RESPONSE: Defendants deny the allegations contained in paragraph 95.**

Wherefore, pursuant to 42 U.S.C. § 1983, plaintiffs Frances Powell and Dakota Boyd demand judgment against defendants City of Newton police officers Coker, Deckard, Finn, Honomichl, Levitt for:

A.     Compensatory damages in an amount to be proven at trial;

B.     Punitive and exemplary damages against each Defendant in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C.     Costs of suit;

D.     Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. § 2412 and as otherwise authorized by statute or law;

E.     Pre- and post-judgment interest as permitted by law; and

F.     Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**RESPONSE: Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law. Defendants deny plaintiffs are entitled to damages or any other relief.**

<u>Count II – 42 U.S.C. § 1983</u>
(False Arrest / Unlawful Detention – Defendants Coker, Deckard, Finn, Honomichl, Levitt)

96.     Plaintiffs re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

**RESPONSE: Defendants incorporate their responses to paragraphs 1 through 95 in response to paragraph 96.**

97.     As described more fully above, Defendants City Of Newton Police Officers Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker falsely arrested and/or unlawfully detained Plaintiffs without legal justification.

**RESPONSE: Defendants deny the allegations contained in paragraph 97.**

98.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

**RESPONSE: Defendants deny the allegations contained in paragraph 98.**

99.     The actions by Defendants in falsely detaining, arresting, and imprisoning Plaintiffs without reasonable suspicion or probable cause violated Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures, pursuant to 42 U.S.C. § 1983.

**RESPONSE: Defendants deny the allegations contained in paragraph 99.**

100.    The misconduct of Defendants was objectively unreasonable and was undertaken intentionally, with malice, and with a knowing disregard for Plaintiffs' clearly established constitutional rights.

**RESPONSE: Defendants deny the allegations contained in paragraph 100.**

101.    Absent Defendants' aforesaid misconduct including, but not limited to, the making of false statements, concealment of exculpatory evidence (surveillance footage), and/or the

fabrication of evidence, the detention, false imprisonment, arrest and/or prosecution of Plaintiff would not have been pursued.

**RESPONSE: Defendants deny the allegations contained in paragraph 101.**

102.    The aforesaid misconduct of Defendants directly and proximately resulted in the unjust and wrongful the detention, false imprisonment, arrest and/or prosecution of Plaintiffs.

**RESPONSE: Defendants deny the allegations contained in paragraph 102.**

103.    Defendants' misconduct violated Plaintiffs' right to be free from unreasonable seizures as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the Constitution of the United States

**RESPONSE: Defendants deny the allegations contained in paragraph 103.**

104.    As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

**RESPONSE: Defendants deny the allegations contained in paragraph 104.**

Wherefore, pursuant to 42 U.S.C. § 1983, plaintiffs Frances Powell and Dakota Boyd demand judgment against defendants City of Newton police officers Coker, Deckard, Finn, Honomichl, Levitt for:

A.    Compensatory damages in an amount to be proven at trial;

B.    Punitive and exemplary damages against Defendants in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C.    Costs of suit;

D.    Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. § 2412 and as otherwise authorized by statute or law;

E.    Pre- and post-judgment interest as permitted by law; and

F.    Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**RESPONSE: Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law. Defendants deny plaintiffs are entitled to damages or any other relief.**

<u>Count III – 42 U.S.C. § 1983</u>
(Conspiracy – Defendants Coker, Deckard, Finn, Honomichl, Levitt)

105.    Plaintiffs re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

**RESPONSE:  Defendants incorporate their responses to paragraphs 1 through 104 in response to paragraph 105.**

106.    As described more fully above, Defendants reached an agreement amongst themselves to harm Plaintiffs, punish them for crimes they did not commit, and to thereby deprive them of their Constitutional rights.

**RESPONSE:  Defendants deny the allegations contained in paragraph 106.**

107.    In the aforesaid manner, Defendants made concerted actions to accomplish an unlawful purpose by unlawful means in order to deprive Plaintiff Powell of her constitutional rights, including her rights to due process all as described in the various paragraphs of this Complaint.

**RESPONSE:  Defendants deny the allegations contained in paragraph 106.**

108.     Defendants acted within the scope of their employment and under color of law.

**RESPONSE:  Defendants deny any allegation that they were law enforcement officers employed by the City of Newton or working for the City of Newton's police department. Defendants admit they acted within the scope of their employment with the Jasper County Sheriff's Office and that they acted under color of state law.**

109.     In the furtherance of the conspiracy each of the co-conspirators engaged in and facilitated numerous avert acts, including, but not limited to, those set forth above such as making false statements and or attestations and detaining Plaintiffs and were otherwise willful participants in the joint activity.

**RESPONSE:  Defendants deny the allegations contained in paragraph 109.**

110.     The misconduct described in this count was objectively unreasonable and was undertaken intentionally and wantonly, with malice, and willful indifference to Plaintiffs' clearly established rights.

**RESPONSE:  Defendants deny the allegations contained in paragraph 110.**

111.     Absent Defendants' aforesaid misconduct, Plaintiff would not have been pursued and his right would not have violated.

**RESPONSE:  Defendants deny the allegations contained in paragraph 111.**

112.     As a direct and proximate result of this violation of their constitutional right not to be detained or imprisoned without probable cause, Plaintiffs suffered injuries, including but not limited to severe and excruciating pain; past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

**RESPONSE: Defendants deny the allegations contained in paragraph 111.**

Wherefore, pursuant to 42 U.S.C. § 1983, plaintiffs Frances Powell and Dakota Boyd demand judgment against defendants City of Newton police officers Coker, Deckard, Finn, Honomichl, Levitt for:

A.      Compensatory damages in an amount to be proven at trial;

B.      Punitive and exemplary damages against each Defendants in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C.      Costs of suit;

D.      Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. §2412 and as otherwise authorized by statute or law;

E.      Pre- and post-judgment interest as permitted by law; and

F.      Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**RESPONSE: Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law. Defendants deny plaintiffs are entitled to damages or any other relief.**

<u>Count IV – 42 U.S.C. § 1983</u>
(Failure to Intervene - Defendants Coker, Deckard, Finn, Honomichl, Levitt)

113.    Plaintiffs re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

**RESPONSE: Defendants incorporate their responses to paragraphs 1 through 112 in response to paragraph 113.**

114.    Each Defendant knew the other Officers intended to falsely imprisoned, arrest, and use excessive force against Plaintiffs, had a reasonable opportunity to prevent the excessive force,

24

false imprisonment, false arrest, assault, battery, and other violations of the Plaintiff's constitutional rights, but failed to do so.

**RESPONSE: Defendants deny the allegations contained in paragraph 114.**

115.    Defendants' misconduct was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to Plaintiffs' rights.

**RESPONSE: Defendants deny the allegations contained in paragraph 115.**

116.    Defendants' misconduct was undertaken pursuant to the policy, practice, and custom of the City of Newton's Police Department.

**RESPONSE: Defendants deny the allegations contained in paragraph 116.**

117.    As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

**RESPONSE: Defendants deny the allegations contained in paragraph 117.**

Wherefore, pursuant to 42 U.S.C. § 1983, plaintiffs Frances Powell and Dakota Boyd demand judgment against defendants City of Newton police officers Coker, Deckard, Finn, Honomichl, Levitt for:

A.    Compensatory damages in an amount to be proven at trial;

B.    Punitive and exemplary damages against each Defendants in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C.    Costs of suit;

D.     Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. §2412 and as otherwise authorized by statute or law;

E.     Pre- and post-judgment interest as permitted by law; and

F.     Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**RESPONSE: Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law. Defendants deny plaintiffs are entitled to damages or any other relief.**

Count V – 42 U.S.C. § 1983
(1st Amendment Retaliation – Defendants Coker, Deckard, Finn, Honomichl, Levitt)

118.     Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully stated herein.

**RESPONSE: Defendants incorporate their responses to paragraphs 1 through 117 in response to paragraph 118.**

119.     The First Amendment protects a wide spectrum of free speech and association, including a resident's right to speak freely and to advocate ideas.

**RESPONSE: Defendants admit plaintiffs cite generally to the First Amendment.**

120.     Plaintiffs spoke their minds about the unlawfulness of the Defendants' actions.

**RESPONSE: Defendants deny the allegations contained in paragraph 120.**

121.     Defendants unlawfully retaliated against Plaintiffs for the exercise of their rights under the First Amendment.

**RESPONSE: Defendants deny the allegations contained in paragraph 121.**

122.     Defendants engage in retaliatory conduct against Plaintiffs based on their engagement in protected and concerted speech and activities.

**RESPONSE: Defendants deny the allegations contained in paragraph 122.**

123.    Defendants attempted to intimidate, discourage, punish, humiliate, and teach Plaintiffs a lesson.

**RESPONSE: Defendants deny the allegations contained in paragraph 123.**

124.    Defendants intentionally subjected Plaintiffs to unequal and retaliatory treatment by retaliating against them.

**RESPONSE: Defendants deny the allegations contained in paragraph 124.**

125.    Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning retaliation against individuals based in violation of the First Amendment.

**RESPONSE: Defendants deny the allegations contained in paragraph 125.**

126.    The actions of Defendants against Plaintiffs violated their rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

**RESPONSE: Defendants deny the allegations contained in paragraph 126.**

127.    As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

**RESPONSE: Defendants deny the allegations contained in paragraph 127.**

Wherefore, pursuant to 42 U.S.C. § 1983, plaintiffs Frances Powell and Dakota Boyd demand judgment against defendants City of Newton police officers Coker, Deckard, Finn, Honomichl, Levitt for:

A.   Compensatory damages in an amount to be proven at trial;

B.   Punitive and exemplary damages against each Defendants in an amount appropriate to punish them and deter others from engaging in similar misconduct;

C.   Costs of suit;

D.   Reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988 and 28 U.S.C.A. §2412 and as otherwise authorized by statute or law;

E.   Pre- and post-judgment interest as permitted by law; and

F.   Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**RESPONSE: Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law. Defendants deny plaintiffs are entitled to damages or any other relief.**

### Count VI – 42 U.S.C. § 1983
(*Monell* Policy Claim – Defendant City of Newton)

**This count is not directed at defendants Finn or Levitt; therefore, these defendants do not answer or respond to this count, and to the extent such a claim is construed against them, deny any allegation that they were law enforcement officers employed by the City of Newton or working for the City of Newton's police department, and further deny violating plaintiff's rights arising under the U.S. Constitution or any other federal or state law.**

### Count VII – State Law Claim
(Assault & Battery - Defendants Coker, Deckard, Finn, Honomichl, Levitt)

136.    Plaintiffs repeat, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

**RESPONSE: Defendants incorporate their responses to paragraphs 1 through 127 in response to paragraph 136.**

137.    As described in the preceding paragraphs, the conduct of Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker acting under color of law and within the scope of their employment, caused Plaintiffs to fear an imminent harmful contact that was undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

**RESPONSE: Defendants deny any allegation that they were law enforcement officers employed by the City of Newton or working for the City of Newton's police department. Defendants admit they acted within the scope of their employment with the Jasper County Sheriff's Office and that they acted under color of state law. Defendants deny the remaining allegations contained in paragraph 137.**

138.    As described above, the conduct of Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker acting under color of law and within the scope of their employment caused Plaintiffs to experience actual offensive and harmful physical contact. undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

**RESPONSE: Defendants deny any allegation that they were law enforcement officers employed by the City of Newton or working for the City of Newton's police department. Defendants admit they acted within the scope of their employment with the Jasper County**

Sheriff's Office and that they acted under color of state law. Defendants deny the remaining allegations contained in paragraph 138.

139. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**RESPONSE: Defendants deny the allegations contained in paragraph 139.**

140. The misconduct described in this Court was undertaken by Defendants within the scope of their employment such that his employer, Defendant City Of Newton, is liable for their actions.

**RESPONSE: Defendants deny any allegation that they were law enforcement officers employed by the City of Newton or working for the City of Newton's police department. Defendants admit they acted within the scope of their employment with the Jasper County Sheriff's Office and that they acted under color of state law. Defendants deny the remaining allegations contained in paragraph 140.**

141. As a result, Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury including severe and excruciating pain, past and future anxiety, medical expenses pain and suffering, shock, extreme emotional distress, and humiliation, lost employment opportunities inconvenience, embarrassment, and mental anguish, deprivation of ordinary pleasures of life, loss of well-being, and equanimity, and their overall health, strength, and vitality have been impaired.

**RESPONSE: Defendants deny the allegations contained in paragraph 141.**

Wherefore, plaintiffs Frances Powell and Dakota Boyd demand judgment against defendants City of Newton police officers Coker, Deckard, Finn, Honomichl, Levitt for:

A. Compensatory damages against each Defendant in an amount to be proven at trial;

B.    Leave to amend the complaint at the close of discovery to request punitive and exemplary damages against Defendants in an amount appropriate to punish him and deter others from engaging in similar misconduct;

C.    Costs of suit;

D.    Reasonable attorney's fees pursuant statute and as otherwise authorized by statute or law;

E.    Pre- and post-judgment interest as permitted by law; and

F.    Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**RESPONSE: Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law. Defendants deny plaintiffs are entitled to damages or any other relief. Defendants deny attorney's fees are available under state law. Defendants deny punitive or exemplary damages are available under state law for claims against local governmental employee defendants.**

Count VIII – State Law Claim
(Intentional Infliction of Emotional Distress -
Defendants Coker, Deckard, Finn, Honomichl, Levitt)

142.    Plaintiff re-alleges and incorporates each of the foregoing paragraphs as though fully set forth here.

**RESPONSE: Defendants incorporate their responses to paragraphs 1 through 127 and 136 through 141 in response to paragraph 142.**

143.    The acts and conduct of the Defendants City Of Newton Police Officers Adam Deckard, Trevor Honomichl, Garret Finn, Dustin Levit, and Gregory Coker as set forth above were extreme and outrageous.

**RESPONSE: Defendants deny the allegations contained in paragraph 143.**

144.     The Defendants' actions were rooted in an abuse of power or authority, and they were undertaken with intent to cause, or were in reckless disregard of the probability that their overall would cause, severe emotional distress to Plaintiffs, as is more fully alleged above.

**RESPONSE: Defendants deny the allegations contained in paragraph 144.**

145.     The acts and conduct of the Defendants caused Plaintiffs to suffer severe or extreme emotional distress.

**RESPONSE: Defendants deny the allegations contained in paragraph 145.**

146.     The acts and conduct of the Defendants actually and proximately caused Plaintiffs emotional distress.

**RESPONSE: Defendants deny the allegations contained in paragraph 146.**

147.     As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiffs sustained and continues to sustain severe, permanent physical, mental, emotional, and economic injuries, alienation, humiliation, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life.

**RESPONSE: Defendants deny the allegations contained in paragraph 147.**

Wherefore, plaintiffs Frances Powell and Dakota Boyd demand judgment against defendants City of Newton police officers Coker, Deckard, Finn, Honomichl, Levitt for:

A.     Compensatory damages against each Defendant in an amount to be proven at trial;

B.     Leave to amend the complaint at the close of discovery to request punitive and exemplary damages against Defendants in an amount appropriate to punish him and deter others from engaging in similar misconduct;

C.     Costs of suit;

D.     Reasonable attorney's fees pursuant statute and as otherwise authorized by statute or law;

E.     Pre- and post-judgment interest as permitted by law; and

F.     Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**RESPONSE: Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law. Defendants deny plaintiffs are entitled to damages or any other relief. Defendants deny attorney's fees are available under state law. Defendants deny punitive or exemplary damages are available under state law for claims against local governmental employee defendants.**

Count IX – State Law Claim
(Negligent Infliction of Emotional Distress -
Defendants Coker, Deckard, Finn, Honomichl, Levitt)

148.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully stated herein.

**RESPONSE: Defendants incorporate their responses to paragraphs 1 through 127 and 136 through 147 in response to paragraph 148.**

149.     The aforesaid conduct by Defendants was done negligently and carelessly, was outrageous, and caused Plaintiffs to suffer severe emotional distress and mental anguish. Plaintiffs specifically pleads that the tort underlying the negligent infliction of emotional distress is excessive force, false arrest, false imprisonment, assault, battery, but also seeks to have this Court consider the torts that are or may be claimed in this action.

**RESPONSE: Defendants deny the allegations contained in paragraph 149.**

150.     As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiffs sustained and continues to sustain severe, permanent physical, mental, emotional, and economic injuries, alienation, humiliation, embarrassment, loss of self-esteem, loss of reputation, and loss of the ordinary pleasures of everyday life.

**RESPONSE: Defendants deny the allegations contained in paragraph 150.**

Wherefore, plaintiffs Frances Powell and Dakota Boyd demand judgment against defendants City of Newton police officers Coker, Deckard, Finn, Honomichl, Levitt for:

A.     Compensatory damages against each Defendant in an amount to be proven at trial;

B.     Leave to amend the complaint at the close of discovery to request punitive and exemplary damages against Defendants in an amount appropriate to punish him and deter others from engaging in similar misconduct;

C.     Costs of suit;

D.     Reasonable attorney's fees pursuant statute and as otherwise authorized by statute or law;

E.     Pre- and post-judgment interest as permitted by law; and

F.     Such other relief, including injunctive and/or declaratory relief, as the court may deem fair, just, and equitable.

**RESPONSE: Defendants deny violating plaintiffs' rights arising under the U.S. Constitution or any other federal or state law. Defendants deny plaintiffs are entitled to damages or any other relief. Defendants deny attorney's fees are available under state law. Defendants deny punitive or exemplary damages are available under state law for claims against local governmental employee defendants.**

Count X – State Law Claim
(Indemnification pursuant to 745 ILCS 10/9-102 – Defendant City of Newton)

This count is not directed at defendants Finn or Levitt; therefore, these defendants do not answer or respond to this count, and to the extent such a claim is construed against them, deny any allegation that they were law enforcement officers employed by the City of Newton or working for the City of Newton's police department, and further deny violating plaintiff's rights arising under the U.S. Constitution or any other federal or state law.

<u>Count XI – State Law Claim</u>
(*Respondeat Superior* – Defendant City of Newton)

This count is not directed at defendants Finn or Levitt; therefore, these defendants do not answer or respond to this count, and to the extent such a claim is construed against them, deny any allegation that they were law enforcement officers employed by the City of Newton or working for the City of Newton's police department, and further deny violating plaintiff's rights arising under the U.S. Constitution or any other federal or state law.

**<u>AFFIRMATIVE DEFENSES</u>**

Defendants, Garret Finn and Dustin Levitt, by their attorneys, IFMK Law, Ltd., hereby assert the following affirmative defenses, stating as follows:

<u>First Affirmative Defense</u>
(Qualified Immunity – Federal Claims)

1.      Defendants Finn and Levitt are law enforcement officers who performed discretionary functions in the course of their employment with the Jasper County Sherriff's Office. At all times material to the events alleged in plaintiffs' operative complaint, a reasonable officer objectively viewing the facts and circumstances that confronted each individual defendant could have believed his actions to be lawful, in light of clearly established law and the information that each officer possessed. Defendants did not knowingly violate clearly established constitutional rights of which a reasonable person would have known. Therefore, defendants are entitled to

qualified immunity as a matter of law on plaintiff's federal claims.

### Second Affirmative Defense
### (Intracorporate Conspiracy Doctrine – Federal Claims)

3.      Defendants Finn and Levitt were acting under color of law and within the scope of their employment with the Jasper County Sheriff's Office at all times relevant to plaintiffs' complaint.

4.      The intracorporate conspiracy doctrine holds that a conspiracy cannot exist solely between members of a single entity, including a governmental entity. *Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1491, 1508 (7th Cir. 1994).

5.      As a matter of law, an officer cannot be liable for conspiracy in violation of 42 U.S.C. § 1983 where he is alleged to have conspired with other employees of the same government entity, in the scope of his employment, to violate plaintiff's rights. *See, e.g., Jackson v. City of Cleveland*, 925 F.3d 793, 817-20 (6th Cir. 2019); *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1262 (11th Cir. 2010).

6.      To the extent plaintiffs fails to establish a question of material fact demonstrating each Jasper County Sheriff's Office defendant conspired with any City of Newton defendants, any remaining alleged conspiracy solely between the Jasper County defendants is barred by the intracorporate conspiracy doctrine.

### Third Affirmative Defense
### (Immunity Act – 745 ILCS 10/2-102 – State Claims)

7.      At the time of the occurrence, the Jasper County Sheriff's Office was a "local public entity" as defined in 745 ILCS 10/1-206.

8.      At the time of the occurrence, defendants Finn and Levitt were each employed by the Jasper County Sheriff's Office and therefore were each a "public employee" as defined in 745

ILCS 10/1-207.

9.      745 ILCS 10/2-102 provides that:

Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party.

10.      As local government employees, defendants are not liable to pay exemplary or punitive damages pursuant to 745 ILCS 10/2-102.

Fourth Affirmative Defense
(Immunity Act – 745 ILCS 10/2-201 – State Claims)

11.      At the time of the occurrence, the Jasper County Sheriff's Office was a "local public entity" as defined in 745 ILCS 10/1-206.

12.      At the time of the occurrence, defendants Finn and Levitt were each employed by the Jasper County Sheriff's Office and therefore were each a "public employee" as defined in 745 ILCS 10/1-207.

13.      745 ILCS 10/2-201 provides that:

Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from this act or omission in determining policy when acting in the exercise of such discretion even though abused.

14.      As local government employees, defendants Finn and Levitt are each entitled to absolute immunity pursuant to 745 ILCS 10/2-201.

Fifth Affirmative Defense
(Immunity Act – 745 ILCS 10/2-202 – State Claims)

15.      At the time of the occurrence, the Jasper County Sheriff's Office was a "local public entity" as defined in 745 ILCS 10/1-206.

16. At the time of the occurrence, defendants Finn and Levitt were each employed by the Jasper County Sheriff's Office and therefore were each a "public employee" as defined in 745 ILCS 10/1-207.

17. 745 ILCS 10/2-202 provides that:

A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.

18. As local government employees, defendants Finn and Levitt are each entitled to qualified immunity pursuant to 745 ILCS 10/2-202.

Sixth Affirmative Defense<br>(Immunity Act – 745 ILCS 10/2-204 – State Claims)

19. At the time of the occurrence, the Jasper County Sheriff's Office was a "local public entity" as defined in 745 ILCS 10/1-206.

20. At the time of the occurrence, defendants Finn and Levitt were each employed by the Jasper County Sheriff's Office and therefore were each a "public employee" as defined in 745 ILCS 10/1-207.

21. 745 ILCS 10/2-204 provides that:

Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

22. To the extent plaintiffs attempt to hold any local governmental employee liable for the acts of another, those claims are barred as a matter of law pursuant to 745 ILCS 10/2-204.

Seventh Affirmative Defense<br>(Immunity Act – 745 ILCS 10/2-208 – State Claims)

23. At the time of the occurrence, the Jasper County Sheriff's Office was a "local public entity" as defined in 745 ILCS 10/1-206.

24.     At the time of the occurrence, defendants Finn and Levitt were each employed by the Jasper County Sheriff's Office and therefore were each a "public employee" as defined in 745 ILCS 10/1-207.

25.     745 ILCS 10/2-208 provides that:

A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause.

26.     As local government employees, defendants Finn and Levitt are each entitled to qualified immunity pursuant to 745 ILCS 10/2-208.

Eighth Affirmative Defense
(Immunity Act – 745 ILCS 10/2-210 – State Claims)

27.     At the time of the occurrence, the Jasper County Sheriff's Office was a "local public entity" as defined in 745 ILCS 10/1-206.

28.     At the time of the occurrence, defendants Finn and Levitt were each employed by the Jasper County Sheriff's Office and therefore were each a "public employee" as defined in 745 ILCS 10/1-207.

29.     745 ILCS 10/2-210 provides that:

A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material.

30.     As local government employees, defendants Finn and Levitt are each entitled to absolute immunity pursuant to 745 ILCS 10/2-210.

Ninth Affirmative Defense
(Immunity Act – 745 ILCS 10/2-213 – State Claims)

31.     At the time of the occurrence, the Jasper County Sheriff's Office was a "local public entity" as defined in 745 ILCS 10/1-206.

32.     At the time of the occurrence, defendants Finn and Levitt were each employed by the Jasper County Sheriff's Office and therefore were each a "public employee" as defined in 745 ILCS 10/1-207.

33.     745 ILCS 10/2-213 provides that:

Notwithstanding any other provision of law, a public employee is not liable to pay punitive or exemplary damages in actions brought against the employee based on an injury allegedly arising out of an act or omission occurring within the scope of employment of such an employee serving in a position involving the determination of policy or the exercise of discretion when the injury is the result of an act or omission occurring in the performance of any legislative, quasi-legislative or quasi-judicial function, even though abused.

34.     As local government employees, defendants are not liable to pay exemplary or punitive damages pursuant to 745 ILCS 10/2-213.

Tenth Affirmative Defense
(Immunity Act – 745 ILCS 10/4-102 – State Claims)

35.     At the time of the occurrence, the Jasper County Sheriff's Office was a "local public entity" as defined in 745 ILCS 10/1-206.

36.     At the time of the occurrence, defendants Finn and Levitt were each employed by the Jasper County Sheriff's Office and therefore were each a "public employee" as defined in 745 ILCS 10/1-207.

37.     745 ILCS 10/4-102 provides that:

Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminal. This immunity is not waived by a contract for private security service, but cannot be transferred to any non-public entity or employee.

38.     As local government employees, defendants are entitled to absolute immunity pursuant to 745 ILCS 10/4-102.

## Eleventh Affirmative Defense
### (Contributory Fault / Negligence – State Claims)

39.     Defendants Finn and Levitt have answered plaintiffs' operative complaint denying that they are legally liable to plaintiff.

40.     Defendants assert that in the event the fact-finder assesses liability against defendants Finn and Levitt, or any other tortfeasor, then the acts of plaintiffs Dakota Boyd and Frances Powell proximately caused each individual's alleged injuries and damages, and any judgment rendered against any defendant should be barred because plaintiffs' contributory fault is more than 50% of the proximate cause of the alleged injuries. Alternatively, each plaintiff's recovery should be reduced by an amount commensurate with the degree of fault attributed to each plaintiff pursuant to 735 ILCS 5/2-1116 and 735 ILCS 5/2-1117.

## Twelfth Affirmative Defense
### (Legal Justification / Self Defense / Defense of Others – State Claims)

41.     Plaintiffs allege claims of assault and battery, intentional infliction of emotional distress and negligent infliction of emotional distress, each arising under state law.

42.     Defendants assert that any defendant-officer who used force against any plaintiff was legally justified in doing so to effect the arrest of each plaintiff. *See* 720 ILCS 5/7-5.

43.     Defendants assert that any defendant-officer who used force against any plaintiff was legally justified in doing so as each defendant acted in self-defense and in the defense of other law enforcement officers and innocent bystanders. *See* 720 ILCS 5/7-5.

## Thirteenth Affirmative Defense
### (Failure to Mitigate Damages)

44.     Plaintiffs allege they suffered injuries proximately caused by defendants.

45.     Plaintiffs had and continue to have a duty to mitigate their damages.

46.     Plaintiffs failed to do so.

## JURY DEMAND

Defendants, Garret Finn and Dustin Levitt, by their attorneys, IFMK Law, Ltd., hereby demand trial by jury.

April 22, 2024

Bhairav Radia, #6293600                          Respectfully,
Joseph D. Bracey, Jr. #6322428
IFMK Law, Ltd.                                   **Garret Finn,**
650 Dundee Road, Suite 475                       **Dustin Levit**
Northbrook, IL 60062
Phone: 847-291-0200                              By: _s/ Joseph D. Bracey, Jr._
Email: bradia@ifmklaw.com
       jbracey@ifmklaw.com

## CERTIFICATE OF SERVICE

I certify that on April 22, 2024, I caused the foregoing, **Defendants Finn and Levit's Answer to Plaintiff's Complaint**, with **Affirmative Defenses** and **Jury Demand** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to the following registered participants:

**Danielle Pinkston**                            **Charles Pierce**
Pinkston Law Group PC                            Pierce Law Firm, P.C.
dpinkston@pinkstonlawgroup.com                   cpierce@piercelawpc.com
_Attorney for plaintiffs_                        _Attorney for defendants Coker, Deckard,_
                                                 _Honomichl and City of Newton_

By: _s/Joseph D. Bracey, Jr._