**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FRANCES POWELL, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF NEWTON, et al.,**<br><br>**Defendants.** | **Case No. 24-CV-00235-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Plaintiff Frances Powell's First Motion to Reconsider the Court's Order granting summary judgment against Powell and dismissing her claims with prejudice. (Doc. 90; *see also* Doc. 89). For the reasons set forth below, Powell's Motion is **DENIED**.

## Factual and Procedural History

On January 29, 2024, Plaintiffs Frances Powell and Dakota Boyd initiated this action against the City of Newton; City of Newton police officers Adam Deckard, Trevor Honomichl, and Gregory Coker; and Jasper County Sheriff's Deputies Garret Finn and Dustin Levitt. Plaintiffs asserted claims under 42 U.S.C. § 1983 for violations of their constitutional rights, along with related claims under Illinois law.[1] (Doc. 1).

[1] The action was transferred from the United States District Court for the Central District of Illinois on February 1, 2024. (Doc. 2).

As it pertains to Powell, the claims arise from the January 29, 2023, arrest of her son, Dakota Boyd, outside her home. Powell alleges that while she was recording the arrest, Officer Honomichl shoved her to the ground and Deputy Levitt later shoved and tackled her. Based on that encounter, and on her later arrest for obstruction, Powell brought claims for excessive force, false arrest, conspiracy, failure to intervene, First Amendment retaliation, and *Monell* liability. She also brought Illinois claims for assault and battery, intentional and negligent infliction of emotional distress, indemnification, and respondeat superior. (*Id.*).

At the close of discovery, the Defendants filed Motions for Summary Judgment. (Docs. 51, 57). As to Powell, they argued that the force used was objectively reasonable because she twice approached an active arrest; that probable cause supported her arrest; and that their conduct was not willful and wanton under the Illinois Tort Immunity Act.

The Plaintiffs opposed. They argued that Powell was merely recording, never touched an officer and was backing away when force was used, and that these factual disputes had to be resolved by a jury. (Docs. 66, 68, 69, 70).

On September 28, 2026, the Court entered an Order granting in part and denying in part the Defendants' Motions for Summary Judgment. (Doc. 89). Specifically, the Court found that Powell's excessive force claim failed because, even viewing the facts in her favor, the officers could reasonably believe force was necessary to stop her interference with an active arrest. (*Id.*, pp. 15–17). The Court also found that Powell's false arrest claim failed because she was arrested under a

warrant supported by probable cause (*id.*, pp. 19–20); her failure-to-intervene and state-law claims failed for lack of an underlying constitutional violation or willful and wanton conduct (*id.*, pp. 22, 26–30); her retaliation claim failed because the officers acted in response to the danger she posed, not her recording (*id.*, pp. 22–23); and the conspiracy and *Monell* claims failed for lack of evidence (*id.*, pp. 20–21, 23–24).

As a result, the Court dismissed all of Powell's claims (Counts I through XI) with prejudice. (*Id.*, pp. 31–32). Defendants Deckard and Coker were dismissed from the case. Boyd's excessive force, failure-to-intervene, state-law tort, indemnification, and respondeat superior claims remain pending. (*Id.*).

Powell brings the instant motion asking the Court to reconsider its dismissal of her claims. (Doc. 90). Defendants City of Newton, Trevor Honomichl, Garret Finn, and Dustin Levitt filed a joint response in opposition. (Doc. 92).

## Legal Standard

Under Federal Rule of Civil Procedure 54(b), the court may revise interlocutory orders any time before the court enters final judgment. *See Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007) (Cudahy, J. concurring) ("nonfinal orders are generally modifiable"). The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

A motion to reconsider, therefore, is only appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Civix-DDI, LLC v. Hotels.Com, LP*, 904 F.Supp.2d 864, 867 (N.D. Ill. 2012) (quoting *Matter of Prince,* 85 F.3d 314, 324 (7th Cir.1996)).

## Analysis

Powell argues that the Court's September 28, 2026, Order contained (1) manifest error of law in its application of the Fourth Amendment objective-reasonableness standard, and the requirements of Federal Rule of Civil Procedure 56, and (2) manifest error of fact regarding Powell's conduct, the officers' initiation of physical contact, and the nature and degree of the force used against Powell. (Doc. 90, p. 1). The Court addresses these arguments in turn.

### I. There Was No Error of Law

Powell first contends that the Court failed to give "adequate legal significance to Powell's supported version of the encounter." (Doc. 90, p. 5). However, Powell raises no argument the Court has not already considered. At summary judgment, she argued that whether she "interfered or was merely recording" was a disputed question for the jury. (Doc. 66, pp. 4, 13; Doc. 70, pp. 4–5). Her only supporting

authority now, *Clash v. Beatty*, 77 F.3d 1045, 1048 (7th Cir. 1996), was cited in both of her summary judgment responses. (Doc. 66, p. 7; Doc. 70, pp. 19–20).

*Clash* involved the denial of qualified immunity where the material facts surrounding the encounter were disputed. *Clash*, 77 F.3d at 1046. Powell relies on its statement that officers may not "shove, push, or otherwise assault innocent citizens without any provocation whatsoever." *Id.* at 1048. However, Powell concedes that "*Clash* arose in different factual circumstances." (Doc. 90, p. 7).

Those differences control. Even on her own account, Powell was not an unprovoking bystander. She approached officers who were restraining a suspect who had just fled. She came within a few feet of the arrest holding an object Officer Honomichl could not identify. After being pushed back, she approached a second time. (Doc. 89, pp. 5, 16 & n.4) (citing Docs. 51-4, p. 10; 70-1, pp. 8–9). Powell also concedes that officers "may take reasonable steps to prevent interference with an active arrest." (Doc. 90, ¶ 32).

The Court therefore reiterates that the evidentiary disputes were, and still are, not enough to prevent summary judgment. The Court did not resolve those disputes against Powell. It accepted her account that she was pushed twice and then tackled, and it found the force reasonable "[u]nder any view." (Doc. 89, pp. 16–17). Only disputes that "might affect the outcome of the suit under the governing law" preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether Powell touched Deputy Levitt's vest, or was stepping back at the moment force was used, does not affect that outcome. Reasonableness is judged "from the

perspective of a reasonable officer on the scene." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Additionally, Powell's argument against the Court's reliance on *Dawson v. Brown*, 803 F.3d 829 (7th Cir. 2015), is not persuasive. Powell argues that *Dawson* does not apply once her evidence is credited. She points to her testimony that she did not touch Deputy Levitt and was backing away, and to Deputy Finn's testimony that Officer Honomichl initiated contact. (Doc. 90, ¶¶ 46–52).

But the Court applied *Dawson*'s factors, including "whether the person was interfering or attempting to interfere with the officer's duties." 803 F.3d at 833. That factor weighs heavily against Powell, who approached an active arrest twice. That Officer Honomichl initiated contact is already reflected in the Court's findings. (Doc. 89, p. 5). Officers facing a fluid situation "are entitled to graduate their response," *Smith v. Ball State Univ.*, 295 F.3d 763, 770 (7th Cir. 2002), and the officers did so here: a push first, then greater force only after Powell returned. Although *Dawson* is distinguishable from Powell's claim in certain respects, the rationale underlying the decision remains the same. When all the factors are considered, even in the light most favorable to Powell, the officers' actions were objectively reasonable.

## II. The Court Considered the Evidence Powell Identifies and Viewed It in Her Favor

Powell argues that the Court did not "adequately account" for her "actual conduct," for the fact that the officers initiated physical contact, or for the "nature and degree of force" used against her. (Doc. 90, pp. 9–12). Specifically, she points to

her testimony that she never touched Deputy Levitt and was backing away when force was used. (*Id.*, ¶¶ 55–59). She also cites Deputy Finn's testimony that Officer Honomichl first made contact by extending his arm, and evidence that Deputy Levitt took her phone and stopped her recording. (*Id.*, ¶¶ 63–71). Finally, she argues that Officer Honomichl's "substantial shove" and Deputy Levitt's later use of force were more than minimal contact. (*Id.*, ¶¶ 78–82).

Each of these points was raised at summary judgment. (Doc. 66, p. 13; Doc. 70, pp. 4, 8). Each is also reflected in the Court's Order. The Court recounted that Powell left the house with her phone to record the arrest. It found that Officer Honomichl "stood up, extended his arm, and shoved Powell backwards," causing her to fall onto landscaping rocks and strike a shed. (Doc. 89, pp. 5–6). It further found that Deputy Levitt "grabbed her phone, dropped it near his feet, and shoved Powell in the chest before executing a physical tackle." (*Id.*). The Court also noted Powell's resulting injuries, including her later vascular surgery. (*Id.*, p. 6). The Court expressly acknowledged the disputes over Powell's distance from the officers and the degree of force. It resolved those disputes in Powell's favor, accepting her account that she "was pushed twice and then tackled to the ground." (*Id.*, p. 16).

Nor did the Court rely on the video to resolve any dispute against her. Powell argues that the limits of the video evidence required closer attention to the testimony. (Doc. 90, ¶¶ 68–74). But the Court relied on the video only to confirm that Powell came within a few feet of the arrest. (Doc. 89, p. 16). Every other fact on which the Court relied came from Powell's own testimony or was undisputed. (*Id.*, pp. 16–17).

Thus, even crediting Powell's account, the material facts remain. Powell twice approached an active arrest, came within a few feet of the officers, and held an object that could not be identified. (*Id.*, pp. 16–17). The Court considered these facts and this evidence when granting summary judgment. Accordingly, it declines to rehash "previously rejected arguments." *Caisse Nationale*, 90 F.3d at 1270. Because the Court finds no error in its excessive force analysis, there is likewise no basis to revisit Powell's remaining claims, which she challenges only "to the extent" they depended on that analysis. (Doc. 90, ¶ 87).

## Conclusion

The Court finds that in its Order on September 28, 2026 (Doc. 89), there was no manifest error in law or fact. Further, the Plaintiff presents no newly discovered evidence that warrants reconsideration at this time. Therefore, for the reasons stated above, Plaintiff Frances Powell's Motion to Reconsider is **DENIED** and the Court declines to further clarify its prior Order.

**IT IS SO ORDERED.**

**DATED: November 3, 2026.**

**STEPHEN P. McGLYNN**
**U.S. District Judge**